IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOEL ANTHONY SCHAMBEAU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIV. ACT. NO. 1:20-cv-436-TFM-MU |
| ) | |
| DANIEL SCHAMBEAU, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

On January 21, 2021, the Magistrate Judge entered a report and recommendation which recommends the motions to dismiss (Docs. 26, 30, 31, and 32) be granted as to dismissal under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction. *See* Doc. 42. Plaintiff timely filed objections to which Defendants also responded. *See* Docs. 43, 44, 45, 46. The Court has reviewed the report and recommendation, objections, response to objections, and conducted a de novo review of the case file. For the reasons discussed below, the objections are **OVERRULED** and the Report and Recommendation is **ADOPTED** as the opinion of the Court.

Having reviewed Plaintiff's objections, the Court finds nothing to overcome the well-reasoned analysis of the Magistrate Judge. To the extent Plaintiff objects to the finding that his amended complaint is a shotgun pleading, the Court notes that was just one basis for the dismissal recommendation. The bulk of the recommendation is spent on analyzing the statutes Plaintiff stated provided jurisdiction and why each fails. In his objections, Plaintiff still attempts to latch jurisdiction under statutes that don't convey a basis for exercising federal question jurisdiction. To the extent, he requests the opportunity to amend, the Court does not find anything in his objections that currently overcomes the jurisdictional deficiencies. Finally, with regard to the

extensive documents Plaintiff attaches to the objections, it is not incumbent upon the Court to rifle through them with no guidance as to their relevance to the matters at issue. "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982). Additionally, the Court has the discretion to consider or to decline to consider arguments that were not raised before the magistrate judge. *Stephens v. Tolbert*, 471 F.3d 1173, 1176 (11th Cir. 2006); *see also Williams v. McNeil,* 557 F.3d 1287, 1292 (11th Cir. 2009) ("Thus, we answer the question left open in Stephens and hold that a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge."). Therefore, the Plaintiff's objections are **OVERRULED**.

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and a *de novo* determination of those portions of the Report and Recommendation to which objection is made, the Report and Recommendation (Doc. 42) is **ADOPTED** as the opinion of the Court. Accordingly, it is **ORDERED** that the motions to dismiss (Docs. 26, 30, 31, and 32) are **GRANTED**. This action is **DISMISSED without prejudice** for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

**DONE** and **ORDERED** this 19th day of February, 2021.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE